PATTERSON, Judge.
First National Bank of Southwest Florida (First National) appeals from the trial court’s final order which dismisses its claims against Cardinal Roofing and Siding of Florida, Inc. *1102 (Cardinal), for failure to state a cause of action, without leave to amend. We reverse.
On January 11, 1990, First National granted a construction loan to Sirin Designs, Inc. and recorded its first mortgage on land in Lee County. Sirin commenced construction. Cardinal, a subcontractor on the job, asserted nonpayment, filed a claim of lien, and commenced foreclosure proceedings. First National, as the first mortgage holder, was not joined as a party to the action. First National asserts that, during the pendency of the foreclosure, it filed a satisfaction of its first mortgage by mistake. Upon discovering the erroi’, First National re-recorded its mortgage six days later. In December 1992, Cardinal purchased the property at a clerk’s sale, purportedly free and clear of First National’s mortgage.
In February 1993, First National instituted a multi-count action; only two of the counts were directed at Cardinal. Count I sought rescission of the satisfaction of mortgage and count II sought to foreclose the mortgage. On Cardinal’s motion, the trial court dismissed these counts for failing to state a cause of action. This was error. A cause of action for cancellation or rescission of a satisfaction of mortgage and reinstatement of that mortgage is recognized in this state. See United Service Corp. v. Vi-An Constr. Corp., 77 So.2d 800 (Fla.1955). Count I of the complaint facially states such a cause of action. Count II, which is basically a form mortgage foreclosure complaint, likewise states a cause of action.
The parties have argued the merits of First National’s claim. We do not reach that issue because Cardinal has not yet served a responsive pleading. We reverse the final judgment, direct that counts I and II of the complaint be reinstated, and that Cardinal serve its responsive pleading thereto within twenty days of this court’s mandate.
Reversed and remanded.
RYDER, A.C.J., and CAMPBELL, J., concur.